Daniel A. Solitro (SBN 243908)
dsolitro@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel: (213) 485-1500
Fax: (213) 485-1200

Michael Wolak III (*pro hac vice* application to be filed)
michael.wolak@lockelord.com
LOCKE LORD LLP
Terminus 200, Suite 2000
3333 Piedmont Rd NE
Atlanta, GA 30305
Tel: (404) 870-4655
Fax: (404) 806-5622

Attorneys for Plaintiff
RYTHERN (VIETNAM) INTERNATIONAL COMPANY LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYTHERN (VIETNAM) INTERNATIONAL COMPANY LIMITED,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MEG HOME PLUS, LLC, a California limited liability company,<br><br>　　　　Defendant. | Case No. 8:22-cv-02281<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**JURY TRIAL DEMANDED** |

1

COMPLAINT FOR BREACH OF CONTRACT

Plaintiff RYTHERN (VIETNAM) INTERNATIONAL COMPANY LIMITED ("Rythern"), by and through its undersigned counsel, files this Complaint against defendant MEG HOME PLUS, LLC ("Meg Home") and alleges as follows:

## SUMMARY OF THE ACTION

1. Rythern brings this federal diversity action pursuant to 28 U.S.C. § 1332 against Meg Home to recover no less than $4,216,068 in unpaid and overdue invoices for kitchen cabinetry products that Rythern produced and shipped to Meg Home pursuant to the parties' cooperation agreement and sales contract. Rythern has fully performed all of its obligations under the contracts but Meg Home refuses to pay its unpaid invoices.

2. Meg Home—in breach of the spirit of good faith and mutual cooperation required by the sales contract—is purporting to avoid its payment obligations by asserting bad faith claims of late delivery and defective products. For example, Meg Home is improperly withholding payments on all delivered goods on the basis of shipping delays, even though the delay was related to only *one* order and nothing in the parties' contracts authorizes Meg Home to withhold payment for *any* late deliveries. Moreover, Rythern notified Meg Home of the anticipated shipping delay in accordance with the sales contract. Meg Home did not raise any objections and accepted all products delivered.

3. Meg Home is also asserting meritless product quality claims to avoid payment. Upon receiving Meg Home's quality claims, and consistent with the sales contract's spirit of cooperation—Rythern offered to replace any defective products and requested that Meg Home provide a list of the allegedly defective products by model, number, and amount. Meg Home refuses to provide the requested list.

4. Meg Home breached the parties' contracts by refusing to pay its unpaid invoices for delivered products. Despite receiving notice of its breach and an opportunity to cure the breach, Meg Home still refuses to pay Rythern the outstanding balance.

## THE PARTIES

5. Plaintiff RYTHERN (VIETNAM) INTERNATIONAL COMPANY LIMITED is a Vietnamese company with its principal place of business located at Lot H3, Road 14, Thuan Dao expanded Industrial Zone, Long Dinh Commune, Can Duoc District, Long An Province, Vietnam.

6. Rythern is a leading manufacturer and global supplier of kitchen cabinetry and related accessories.

7. Defendant MEG HOME PLUS, LLC is a limited liability company organized and existing under the laws of the State of California. Meg Home is a retail and wholesale seller of kitchen cabinetry with its principal place of business located in this judicial district at 16491 Scientific Way, Irvine, California 92618.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of a State and citizens of a foreign state.

9. This Court has personal jurisdiction over Meg Home because it is a California limited liability company whose principal place of business is located in this judicial district.

10. Pursuant to 28 U.S.C. § 1391(b)(1) and (3), venue is appropriately placed in this judicial district because defendant Meg Home resides in this judicial district and is subject to personal jurisdiction in this Court.

## FACTUAL ALLEGATIONS

A. **The Cooperation Agreement**

11. On March 25, 2022, Rythern and Meg Home entered into a cooperation agreement for Rythern to supply kitchen cabinets to Meg Home (the "Cooperation Agreement"). A true and correct copy of the Cooperation Agreement is attached as Exhibit A and incorporated into this Complaint.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

12. Pursuant to the Cooperation Agreement, Meg Home purchased certain existing kitchen cabinetry inventory located in Rythern's warehouses in the United States and identified with prices in attachments to the Cooperation Agreement (the "US Inventory"). Paragraph 1(1) of the Cooperation Agreement required Meg Home to pay for 100% of the US Inventory within 90 days after the signing of the Cooperation Agreement, with monthly interest accruing at 1% if payment is delayed. Nothing in the Cooperation Agreement authorizes Meg Home to withhold payment for any reason including shipping delay.

13. Pursuant to the Cooperation Agreement, Rythern shipped the US Inventory to Meg Home. There was no delay in the shipment of the US Inventory nor was any delay claimed by Meg Home. Meg Home accepted the shipment of US Inventory without raising any quality issues.

14. Pursuant to the Cooperation Agreement, Meg Home was invoiced for the US Inventory in the amount of $1,786,228. The invoiced amount remains unpaid.

**B.   The Sales Contract**

15. The parties followed up the Cooperation Agreement by entering into a new sales contract on April 1, 2022, for the supply of kitchen cabinetry and related accessories by Rythern to Meg Home (the "Sales Contract"). A true and correct copy of the Sales Contract is attached as <u>Exhibit B</u> and incorporated into this Complaint.

16. The term of the Sales Contract is from April 1, 2022 through December 31, 2022. Additionally, the Sales Contract requires both parties to "strictly commit to perform the terms and conditions in the contract" and engage in "mutual cooperation and understanding" to resolve any disputes. (*See* Sales Contract, Article 3).

17. Nothing in the Sales Contract permits Meg Home to withhold payment for shipments received and accepted but whose shipment was delayed. Rather, Article 2 of the Sales Contract regarding "Timely Delivery" merely states that "Party B [Rythern] will bear any costs related to late delivery of goods." Article 3 of the Sales Contract also requires Rythern to promptly notify Meg Home if Rythern anticipates

any issues that could affect timely production or delivery of ordered products.

18. Article 2 of the Sales Contract requires Meg Home to pay 100% of each invoice via wire transfer within 70 days. Meg Home's CEO, Gigi Dalrymple, acknowledged its payment obligations, telling Rythern via email on June 29, 2022 that "[f]or the containers that have arrived, are arriving, and will arrive soon, please arrange the tele release and we will pay within 70 days."

19. Pursuant to purchase orders to Rythern under the Sales Contract, Rythern supplied Meg Home with two categories of inventory: (a) model SSW custom product inventory (the "SSW Inventory") and (b) regular orders and supplemental purchase orders to Houston and California (the "Supplemental/Regular Order").

20. In the spirit of cooperation under the Sales Contract, Rythern prioritized its resources and the custom SSW Inventory order over its other customers, despite Meg Home having not yet paid for the US Inventory.

21. Due to unforeseen factors, Rythern anticipated a short delay in production and shipment of the Supplemental/Regular Order. In accordance with Article 3 of the Sales Contract, Rythern notified Meg Home in writing of the anticipated delay. Meg Home did not raise any objections or otherwise indicate that it would withhold payment as a result of any shipping delays. There was no delay in shipment of the custom-oriented SSW Inventory.

22. Both the SSW Inventory and the Supplemental/Regular Order were shipped and accepted by Meg Home without raising any issues of delay or quality.

23. Pursuant to the Sales Contract, Meg Home was invoiced for a total of $2,529,840 through 41 separate invoices for the SSW Inventory and the Supplemental/Regular Order.

24. Despite receiving and accepting all shipments of the SSW Inventory and the Supplemental/Regular Order, Meg Home has only paid $100,000 of the invoiced amount (paid on August 17, 2022) and refuses to pay the overdue balance of $2,429,840.

25. On November 14, 2022, Rythern (through its counsel) notified Meg Home in writing of its breach of contract and provided it with an opportunity to cure the breach and pay the total outstanding balance for all three categories of inventory purchased and delivered ($4,216,068) within seven days. A true and correct copy of the November 14 letter is attached as Exhibit C and incorporated into this Complaint.

26. Rythern's letter explained that Meg Home's apparent attempts to avoid its outstanding payment obligations as to all deliveries based on the short delay in shipment of the Supplemental/Regular Order and allegations of quality issues was meritless and not authorized by the parties' contracts. Meg Home did not respond to Rythern's letter.

27. Despite Rythern's repeated offers to replace any defective products, Meg Home still refuses to provide Rythern with the requested list of the allegedly defective products to enable Rythern to send replacement products. Nor has Meg Home returned any allegedly defective products to Rythern.

28. Instead, Meg Home has lodged excuse after excuse for non-payment of its outstanding invoices, including purporting to excuse payment on the basis that it is a mere "start-up" company with few resources, and repeatedly telling Rythern that it is "next in line" for payment of funds.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

29. Rythern incorporates Paragraphs 1-28 by reference, and further alleges as follows.

30. The Cooperation Agreement and the Sales Contract are valid and enforceable agreements between Rythern and Meg Home.

31. Rythern has performed all conditions, covenants, and promises required under the Cooperation Agreement and the Sales Contract.

32. As described above, Meg Home has breached Paragraph 1(1) of the Cooperation Agreement by failing to pay the outstanding invoiced balance of

1  $1,786,228 for the US Inventory that it received and accepted.

2  33.  As described above, Meg Home has breached Article 2 of the Sales Contract by failing to pay the outstanding invoiced balance of $2,429,840 for the SSW Inventory and the Supplemental/Regular Order that it received and accepted.

34.  As described above, despite notice of breach and an opportunity to cure, Meg Home has failed to cure its breaches, failed to respond to the demand letter, and failed to take any steps to pay *any* outstanding amounts currently due under the Cooperation Agreement and Sales Contract.

35.  Accordingly, Meg Home has materially breached the Cooperation Agreement and the Sales Contract.

36.  Rythern is entitled to a judgment against Meg Home for all amounts due under the Cooperation Agreement and the Sales Contract, including the principal amount of no less than $4,216,068 plus monthly interest of 1% on the outstanding balance for the US Inventory.

## SECOND CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

37.  Rythern incorporates Paragraphs 1-28 by reference, and further alleges as follows.

38.  In California, every contract contains an implied covenant of good faith and fair dealing such that no party does anything that injures the other party's right to receive the benefits of the contract.

39.  Meg Home had a duty to perform under the Cooperation Agreement and the Sales Contract in good faith.  This duty includes strictly adhering to the terms of the contract and refraining from doing that which is not permitted by the express terms of the contract.

40.  Indeed, the Sales Contract expressly required the parties to "strictly commit" to perform the terms and conditions of the contract and employ "mutual cooperation and understanding" to resolve any disputes.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

41. As described above, Meg Home is withholding payment on the basis of shipping delays. Meg Home is arbitrarily withholding long-overdue payments on *all* delivered goods, even though *only* the Supplemental/Regular Order was delayed.

42. Moreover, nothing in the plain language of the Cooperation Agreement or the Sales Contract gives MEG the right to withhold payment for *any* late deliveries. Accordingly, by withholding payment on the basis of shipping delays, Meg Home is doing that which it is expressly not permitted by the parties' governing contracts to do.

43. Such bad faith conduct is separate from the breach of the payment provisions of the Cooperation Agreement and the Sales Contract and constitutes a breach of the implied covenant of good faith and fair dealing because it is being used as a pretext to frustrate Rythern's right to receive the benefits of the contract.

44. As described above, Meg Home is also improperly withholding payment on the basis of alleged product quality issues. Despite Rythern's repeated offers to replace any defective products, Meg Home has neither returned any allegedly defective products nor provided Rythern with the requested list of defective products by model number to enable Rythern to issue replacements.

45. Such bad faith conduct is separate from the breach of the payment provisions of the Cooperation Agreement and the Sales Contract and constitutes a breach of the implied covenant of good faith and fair dealing because it is being used as a pretext to frustrate Rythern's right to receive the benefits of the contract.

46. Accordingly, Rythern is entitled to damages for Meg Home's continued bad faith conduct in breach of the implied covenant of good faith and fair dealing.

///

///

///

///

///

# CLAIM FOR RELIEF

WHEREFORE, Rythern seeks a judgment against Meg Home as follows:

a. Compensatory damages of no less than $4,216,068;

b. Special damages to be determined at trial;

c. Pre-judgment interest of 1% monthly on the US Inventory pursuant to contract;

d. Costs of this action, including reasonable attorneys' fees;

e. Post-judgment interest to the extent permitted by law; and

f. Any further relief this Court deems just and proper.

Dated: December 20, 2022                    Respectfully submitted,

                                            LOCKE LORD LLP


                                            By: /s/ Daniel A. Solitro
                                                    Daniel A. Solitro

                                            *Attorneys for Plaintiff Rythern (Vietnam) International Company Limited*

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

                                            Respectfully submitted,

                                            LOCKE LORD LLP

                                            By: /s/ Daniel A. Solitro
                                                    Daniel A. Solitro

                                            *Attorneys for Plaintiff Rythern (Vietnam) International Company Limited*